# United States Court of Appeals
# for the Federal Circuit

---

**RAYTHEON COMPANY,**
*Appellant*

**v.**

**SECRETARY OF DEFENSE,**
*Appellee*

---

2018-2371

---

Appeal from the Armed Services Board of Contract Appeals in No. 57743, Administrative Judge David D'Alessandris, Administrative Judge Cheryl L. Scott, Administrative Judge Richard Shackleford.

---

Decided: October 18, 2019

---

KAREN LOUISE MANOS, Gibson, Dunn & Crutcher LLP, Washington, DC, argued for appellant. Also represented by JOHN WILLIAM CHESLEY.

DOMENIQUE GRACE KIRCHNER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before DYK, LINN, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

Raytheon Company ("Raytheon") appeals a decision by the Armed Services Board of Contract Appeals ("Board") that the unallowable salary costs associated with Raytheon's lobbying activities are "expressly unallowable" under Federal Acquisition Regulation ("FAR")[1] § 31.205-22 ("Subsection 22") and thus subject to penalty under FAR § 42.709-1(a)(1) (known as "level 1" penalties). Because we find that salary costs for lobbying activities are expressly unallowable under Subsection 22, we affirm.

## BACKGROUND

On June 2, 2005, Raytheon submitted its 2004 incurred cost rate proposal ("cost proposal") for a Cost-Plus-Fixed-Fee contract for engineering services associated with the Patriot Weapons system. In the proposal, Raytheon's Corporate Controller certified that:

> [T]o the best of my knowledge and belief:
>
> (1) All costs included in this Corporate 2004 Overhead Cost Submission . . . proposal to establish final indirect cost rates for 2004 are allowable in accordance with the cost principles of the [FAR] and its supplements applicable to the contracts to which the final indirect cost rates apply; and
>
> (2) This proposal does not include any costs which are expressly unallowable under applicable cost principles of the FAR or its supplements.

---

[1] The FAR is codified in title 48 of the Code of Federal Regulations.

*Raytheon Co.* (*Raytheon I*), ASBCA No. 57743, 17-1 BCA ¶ 36724, slip op. at 13–14, 2017 WL 1740026 (Apr. 17, 2017) (third alteration in original).

The Defense Contract Audit Agency reviewed the cost proposal in April of 2006 and concluded that it contained various expressly unallowable costs. On May 26, 2011 a Corporate Administrative Contracting Officer of the Defense Contract Management Agency ("DCMA") issued a final decision determining that Raytheon's proposal included, among other expressly unallowable costs, over $220,000 of expressly unallowable lobbying salary costs. The contracting officer demanded that Raytheon repay the government for these reimbursed expressly unallowable costs, and assessed penalties and interest against Raytheon under FAR § 42.709-1(a)(1).

Raytheon appealed the contracting officer's final decision to the Board. The only cost at issue in this appeal is the one related to lobbying expenses. Although Raytheon admitted that salary costs associated with lobbying are unallowable and that it committed several cost errors or omissions in its calculations, Raytheon argued that salaries were not specifically referenced in Subsection 22 and, accordingly, were not "expressly unallowable." The Board upheld the DCMA decision, finding that the lobbying costs are subject to penalty because "[c]osts associated with certain named lobbying activities are stated to be unallowable under FAR 31.205-22" and "they are [thus] expressly unallowable." *Raytheon Co.* (*Raytheon I*), ASBCA No. 57743, 17-1 BCA ¶ 36724, slip op. at 54, 2017 WL 1740026 (Apr. 17, 2017). The Board alternatively relied on FAR § 31.201-6(a) and (e)(2) to find that salary costs of employees who participate in unallowable activities are also expressly unallowable as "directly associated costs" of that activity.

Raytheon appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10). We review legal determinations of the Board without deference. 41 U.S.C. § 7107(b)(1). The

government bears the burden of proving that costs are expressly unallowable and that a penalty assessment was warranted. *Raytheon I*, slip op. at 44; *see also Parsons-UXB Joint Venture*, ASBCA No. 56481, 13 BCA ¶ 35,378 at 173,598, slip op. at 23, 2013 WL 4053040 (Aug. 1, 2013).

DISCUSSION

I

Under 10 U.S.C. § 2324(e)(B), certain costs are unallowable in a cost proposal, including:

> Costs incurred to influence (directly or indirectly) legislative action on any matter pending before Congress, a State legislature, or a legislative body of a political subdivision of a State.

Section 2324 in Title 10 applies to armed forces contracts and provides for penalties:

> The head of an agency shall require that a covered contract provide that if the contractor submits to the agency a proposal for settlement of indirect costs incurred by the contractor for any period after such costs have been accrued and <u>if that proposal includes the submission of a cost which is unallowable because the cost violates a cost principle in the Federal Acquisition Regulation or applicable agency supplement to the Federal Acquisition Regulation</u>, the cost shall be disallowed.

10 U.S.C. § 2324(a) (emphasis added). Subsection (b) explains that:

> If the head of the agency determines that a cost submitted by a contractor in its proposal for settlement is expressly unallowable under a cost principle referred to in subsection (a) that defines the allowability of specific selected costs, the head

of the agency shall assess a penalty against the contractor . . . .

10 U.S.C. § 2324(b). The statute also provides waiver of the penalty under certain circumstances where "unallowable costs subject to the penalty were inadvertently incorporated into the proposal." 10 U.S.C. § 2324(c)(3).

The FAR has corresponding provisions. FAR § 31.205-22(a) states that:

> Costs associated with the following activities are unallowable:
>
> . . .
>
> (3) Any attempt to influence the introduction of Federal, state, or local legislation . . . through communication with any member or employee of the Congress or state legislature.

FAR § 42.709-1(a)(1) provides for penalties on contractors where:

> the indirect cost [submitted by a contractor in its proposal] is expressly unallowable under a cost principle in the FAR, or an executive agency supplement to the FAR, that defines the allowability of specific selected costs.

*see also* FAR § 42.709-0(a)(1).

FAR § 31.001 defines an "[e]xpressly unallowable cost" as

> a particular item or type of cost which, under the express provisions of an applicable law, regulation, or contract, is specifically named and stated to be unallowable.

FAR § 42.709-5(c) provides that penalties shall be waived when "their inclusion resulted from an

unintentional error, notwithstanding the exercise of due care," and various other requirements are satisfied.

## II

Raytheon argues that salary costs of employees who participate in lobbying activities are not "expressly unallowable under a cost principle in the FAR" under § 42.709-1(a)(1). Raytheon contends that an item of cost must be "mentioned or identified by name" to be expressly unallowable, and that the generic language of "costs associated with [lobbying activities]" in Subsection 22 is insufficient. We see no basis for such an interpretation. [2]

The definition in FAR § 31.001 of an "expressly unallowable cost" refers to "a particular item or type of cost." These two categories of costs confirm that an "expressly unallowable" cost includes more than an explicitly stated "item." Costs unambiguously falling within a generic description of a "type" of unallowable cost are also "expressly unallowable." Here, salaries of in-house lobbyists are a prototypical lobbying expense. Subsection 22 disallows "costs associated with" activities such as "attempt[ing] to influence . . .legislation . . .through communication with any member or employee of the . . .legislature" or "attend[ing] . . .legislative sessions or committee hearings." FAR § 31.205-22(a)(3), (5). Salaries of corporate personnel involved in lobbying are unambiguously "costs associated

---

[2]    Raytheon also argued to the Board that "the unallowable costs were included in its 2004 Corporate Proposal inadvertently, despite its exercise of due care." *Raytheon I*, slip op. at 31. This contention related to whether penalties should be waived, and is not relevant to whether a cost is expressly unallowable. The Board affirmed the contracting officer's decision not to waive the penalty. Raytheon does not challenge this portion of the Board's decision on appeal.

with" lobbying. The prohibition of lobbying expenses, under the plain language of Subsection 22, bars charging salaries of in-house lobbyists to the government. Since the plain language of the rule is unambiguous, we need not reach the Board's alternative line of reasoning that "directly associated costs" of an unallowable activity are also expressly unallowable under FAR § 31.201-6.

Raytheon argues that the 1984 amendment to Subsection 22 created uncertainty as to the allowability of salaries as lobbying expenses. We disagree. In 1982, the Defense Acquisition Regulation ("DAR") published a rule making unallowable "[t]he costs of lobbying as defined herein, including the applicable portion of the salaries of the contractor's employees . . . engaged in lobbying." DAR § 15-205.51(b) (effective Oct. 30, 1981, repealed by 48 Fed. Reg. 42102), 47 Fed. Reg. 9399, 9429-30 (Mar. 5, 1982). Similarly, for civilian agencies, the General Services Administration ("GSA") Federal Procurement Regulations ("FPR") made unallowable: "[t]he costs of lobbying, including the applicable portion of the salaries and fees of those individuals engaged in lobbying efforts on behalf of a contractor." 47 Fed. Reg. 49648 (Nov. 2, 1982) (codified at 41 C.F.R. § 1-15.205-52, repealed by 48 Fed. Reg. 42102).

On September 19, 1983, the FRP and DAR were replaced by the FAR, as the "single regulation for use by all Executive agencies in their acquisition of supplies and services." 48 Fed. Reg. 42102. Subsection 22 mostly retained the original DAR language in the new FAR. It provided that "[t]he costs of lobbying, including the applicable portion of the salaries and fees of those individuals engaged in lobbying efforts . . . are unallowable." 48 Fed. Reg. at 42320 (Sep. 19, 1983) (codified at FAR § 31.205-22). Subsection 22 was amended in 1984 to include its current language of "[c]osts associated with the following [lobbying] activities are not allowable." 49 Fed. Reg. 18260, 18278 (Apr. 27, 1984) (emphasis added) (amending FAR § 31.205-22(a)).

Although the 1984 amendment removed the explicit language about "salaries" with a broader term of "costs associated with," we do not find that this created any ambiguity about whether salary is included in this more general language. The primary focus of the amendment was to more specifically define which types of activities constituted lobbying. *Id.* at 18260 ("[T]his revision is intended to clarify and make more uniform the meaning and application on th[e] bar [on lobbying costs]."). The regulatory history does not evince any uncertainty about the inclusion of salaries in the prohibition on lobbying costs. The term "costs associated with" was meant to include the costs of lobbying and "activities undertaken to facilitate that lobbying." *Id.* at 18261. For example, the notice adopting the rule stated that "if a lobbyist spends four hours lobbying the Congress and an additional eight hours in study, consultation, and preparation for the lob[b]ying, the full twelve hours . . . are disallowed." *Id.* at 18272.

The only concern related to salary costs in the revision was whether the entire salary of in-house lobbyists should be unallowable, or only the portion attributable to lobbying. *Id.* at 18261. In choosing the latter "allocation" approach that required contractors to separately document unallowable costs, the 1984 version of subsection 22 adopted a recordkeeping provision related to "[t]ime logs . . . or similar records documenting . . . an employee's time . . . [when] the employee engages in lobbying." *Id.* at 18279 (codified at FAR § 31.205-22(f) (1984)). That provision would only have meaning if salaries for time engaged in lobbying were disallowed. Nothing in the regulatory history suggests that salaries were excluded from this prohibition. "[W]e do not presume that the revision worked a change in the underlying substantive law" where, as here, "there is no such clear expression [of an intent to make a change] in the shift from the specific language to the general." *Keene Corp. v. United States*, 508 U.S. 200, 209 (1993).

Raytheon also argues that the specific reference to compensation costs of employees in FAR § 31.205-47 indicates that the lack of such reference in Subsection 22 was indicative of an intent to exclude compensation from its scope. We disagree. FAR § 31.205-47 makes unallowable "[c]osts incurred [by a contractor] in connection with [certain] proceeding[s] brought by . . . [the] Federal . . . government," including "costs of employees, officers, and directors." FAR § 31.205-47. This subsection of the FAR derives its language from the statute it implements—10 U.S.C. § 2423(k)—which defines costs as including "the pay of directors, officers, and employees of the contractor . . . for time devoted . . . to such proceeding." 10 U.S.C. § 2324(k)(6)(B)(ii)(IV). The decision to mimic the statutory language in this FAR provision hardly suggests that Subsection 22 (which was not based on similar statutory language) should be interpreted to exclude salaries or to convey ambiguity in that respect.

Finally, Raytheon relies on a decision in a prior proceeding where the Board held that "[n]either [bonus and incentive compensation] 'BAIC' cost nor 'compensation' cost is specifically named and stated as unallowable under th[e] cost principle [in Subsection 22], nor are such costs identified as unallowable in any direct or unmistakable terms." *Raytheon Co.* (*Raytheon 2015*), ASBCA No. 57576 et al., 15-1 BCA ¶ 36,043 at 176,050, slip op. at 21, 2015 WL 4604897. That decision is not binding on this court, and in any event, is contrary to the plain language of Subsection 22 to the extent that it concludes that salaries in the form of bonus and incentive compensation for lobbying and political activities are not "expressly unallowable."

We conclude that salary costs for lobbying activities are expressly unallowable under FAR § 31.205-22. The decision of the Board is

**AFFIRMED**