ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                    )
                                               )
Northrop Grumman Mission Systems               )     ASBCA No. 62596
                                               )
Under Contract No. W91QUZ-07-D-0005            )

APPEARANCES FOR THE APPELLANT:        Thomas A. Lemmer, Esq.
                                      Joseph G. Martinez, Esq.
                                        Dentons US LLP
                                        Denver, CO

APPEARANCES FOR THE GOVERNMENT:       Arthur M. Taylor, Esq.
                                        DCMA Chief Trial Attorney
                                      Patrick B. Grant, Esq.
                                      Samuel W. Morris, Esq.
                                        Trial Attorneys
                                        Defense Contract Management Agency
                                        Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON APPELLANT'S MOTION TO DISMISS

Appellant, Northrop Grumman Mission Systems (NGMS), moves to dismiss the government's complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted. The Board denies the motion, except for appellant's motion to dismiss count two, upon which we defer our ruling.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The government has filed a 62-page, 185-paragraph, complaint that the Board summarizes as follows.

This appeal stems from NGMS's performance of an Air Force contract, the Battlefield Airborne Communications Node (BACN), Contract No. FA8726-09-C-0010 (a contract different from that listed in the caption above). In February 2013, Northrop Grumman Systems Corporation (Northrop Grumman) disclosed to the Air Force Materiel Command that some NGMS[1] employees on the BACN Contract "may

_____

[1] NGMS was then known as Northrop Grumman Information Systems (compl. ¶ 28). Northrop Grumman Information Systems was a "sector" of Northrop Grumman (R4, tab 2 at G-000201, tab 4 at G-000214).

have mischarged portions of their time" while working at an air base near Abu Dhabi. (Compl. ¶ 15; R4, tab 2 at G-000205) Northrop Gruman "engaged outside counsel to conduct an investigation into certain OCONUS charging practices" and billed the BACN legal costs to the government (compl. ¶¶ 1-2, 19; R4, tab 2 at G-000205-06). This disclosure also resulted in an investigation by the government.

While the investigation was ongoing, NGMS submitted final indirect cost proposals that were audited by the Defense Contract Audit Agency (DCAA). The proposals included the Federal Acquisition Regulation (FAR) 52.242-4(c) certification that the proposals did not include any costs that were expressly unallowable under applicable cost principles in the FAR. (Compl. ¶¶ 8, 34, 36-59) In August 2018, after receiving an inquiry from DCAA, Northrop Gruman informed the government that it would treat the BACN legal costs as 100% unallowable and would remove them from its cost proposals for 2012 to 2016 (compl. ¶¶ 56-59).

On November 1, 2018, Northrop Gruman and the United States Attorney's Office for the Southern District of California entered into a civil and criminal settlement (R4, tab 9). Northrop Gruman took "responsibility for the acts of its officers, employees, and agents as set forth in the Statement of Facts" attached to a signed agreement. Among other things, the parties agreed that NGMS employees had billed the government for hours that they were not working, including time spent "golfing, skiing, visiting local amusement parks, partying at local clubs, going out to eat or drink, [and] going to local malls . . . ." (Compl. ¶¶ 3, 75; R4, tab 8 at G-000292, G-000297-98) NGMS agreed to pay a total of $30 million to resolve the criminal and civil matters (including the False Claims Act, 31 U.S.C. §§ 3729-3733) (compl. ¶ 3; R4, tabs 8-9). The $30 million settlement amount is not at issue in this appeal.

On March 31, 2020, a Divisional Administrative Contracting Officer (DACO) at the Defense Contract Management Agency (DCMA) issued a contracting officer's final decision (R4, tab 11). The DACO determined that from FY 2012 to 2016 NGMS had included expressly unallowable legal costs of more than $15 million related to the BACN criminal matter in its final indirect cost proposals.[2] Of this amount, $10,120,681 had been allocated to covered contracts and had been reimbursed through interim billings. He assessed a penalty in this amount, plus interest of $1,432,201, for a total claim amount of $11,552,882. (Compl. ¶¶ 88-90; R4, tab 11 at G-000347-50)

_____

[2] The DACO observed that the settlement agreement noted appellant's: "investment of significant resources to investigate, analyze, and provide documents and other relevant information to the Government, and otherwise support the Government's investigation, including: collecting more than 25 million records from employees in the United States, and overseas, producing over 1.3 million pages of documents, and interviewing over 100 employees . . ." (R4, tab 11 at G-000349)

The DACO concluded that the BACN legal costs were expressly unallowable based on FAR 31.205-15(b), which provides:

> Costs incurred in connection with, or related to, the mischarging of costs on Government contracts are unallowable when the costs are caused by, or result from, alteration or destruction of records, or other false or improper charging or recording of costs. Such costs include those incurred to measure or otherwise determine the magnitude of the improper charging, and costs incurred to remedy or correct the mischarging, such as costs to rescreen and reconstruct records.

(Compl. ¶ 121; R4, tab 11 at G-000348-49)

The DACO concluded that the expressly unallowable BACN legal costs were subject to penalty under FAR 52.242-3, PENALTIES FOR UNALLOWABLE COSTS (MAY 2001) (R4, tab 11 at G-000349).

The DACO identified the contract referenced in the caption above as a representative contract (R4, tab 11 at G-000347). That contract incorporated FAR 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002), which incorporated the cost principles under FAR Subpart 31.2, CONTRACTS WITH COMMERCIAL ORGANIZATIONS (compl. ¶¶ 13-14). The contract also included FAR 52.242-3 and FAR 52.242-4, CERTIFICATION OF FINAL INDIRECT COSTS (JAN 1997) (R4, tab 1 at G-000137, G-000139).

On June 29, 2020, NGMS filed a timely appeal.

DECISION

I.      DCMA's Contentions

DCMA has filed a four-count complaint. Count one reflects the substance of the DACO's final decision. It is headlined "Northrop's BACN Criminal Legal Costs are Expressly Unallowable Under FAR 31.205-15(b)" (compl. at 44). DCMA contends that it "is entitled to judgment as a matter of law on Northrop's appeal because there is no genuine issue of material fact that the legal costs were expressly unallowable under FAR 31.205-15(b), and that the DCMA DACO properly assessed penalties under FAR 42.709" (*id*. ¶ 97).

In count two, DCMA alleges that "[i]n the alternative, Appellant's BACN legal costs are expressly unallowable under FAR 31.205-47 [Costs related to legal and other

3

proceedings)]" (*id.* ¶ 126). While the DACO's main conclusion was that the costs were expressly unallowable under FAR 31.205-15(b), in the final decision he also stated that "I find that the BACN legal costs are also unallowable pursuant to FAR 31.205-47" (R4, tab 11 at G-000349). This count builds an alternative theory based on that statement.

Counts three and four of the complaint are similar. In count three, DCMA contends that NGMS's appeal is barred by the doctrine of release, while in count four it contends that it is barred by the doctrine of waiver. These counts are based on the following language in the settlement agreement:

> 6. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of NGSC, and its present or former officers, directors, employees, shareholders, and agents in connection with:
>
> (1) the matters covered by this Agreement and any related criminal agreement;
>
> (2) the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;
>
> (3) NGSC's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);
>
> (4) the negotiation and performance of this Agreement and any related criminal agreement;
>
>    *   *   *
>
> c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, NGSC shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by NGSC or any of its subsidiaries or affiliates from the United States. <u>NGSC agrees that the United States, at a minimum, shall be entitled to recoup from NGSC any overpayment plus applicable interest and penalties as a result of the inclusion</u>

4

> of such Unallowable Costs on previously-submitted
> requests for payment . . .

(R4, tab 9 at G-000303-04) (emphasis added).

DCMA contends that based on this language NGMS has already agreed that the BACN legal costs are unallowable and has released or waived its right to challenge DCMA's assessment of a penalty and interest (compl. ¶¶ 163, 184).

II.    Standards of Review

NGMS moves to dismiss all four counts of the complaint for failure to state a claim. It also moves to dismiss counts two through four for lack of jurisdiction.

The moving party is entitled to relief under FED. R. CIV. P. 12(b)(6) when a complaint does not allege facts that show the plaintiff is entitled to the legal remedy sought. *Steffen v. United States*, 995 F.3d 1377 at *3 (Fed. Cir. 2021) (citing *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). "In deciding a motion to dismiss for failure to state a claim, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Servs. Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013).

NGMS moves to dismiss counts two through four for lack of jurisdiction because it contends that the DACO did not raise these legal theories in his final decision. The Board may not consider claims not addressed by the contracting officer. *Lee's Ford Dock, Inc. v. Sec'y of the Army*, 865 F.3d 1361, 1369 (Fed. Cir. 2017). "A claim is new when it 'present[s] a materially different factual or legal theory' of relief." *Id.* (quoting *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1006 (Fed. Cir. 2015)). However, the Federal Circuit has also held that a contractor in litigation may pursue a claim posing "slightly different legal theories." *Scott Timber Co. v. United States*, 333 F.3d 1358, 1366 (Fed. Cir. 2003).

Penalties for expressly unallowable costs are governed by various statutory, regulatory and contract provisions. At all times relevant to this dispute, 10 U.S.C. § 2324 provided that:

> If the head of the agency determines that a cost submitted
> by a contractor in its proposal for settlement is expressly
> unallowable under a cost principle referred to in [the FAR]
> that defines the allowability of specific selected costs, the
> head of the agency shall assess a penalty against the
> contractor . . .

5

10 U.S.C. § 2324(b)(1); *Raytheon Co. v. Sec'y of Def.*, 940 F.3d 1310, 1312 (Fed. Cir. 2019).

FAR 31.001 defines an "[e]xpressly unallowable cost" as "a particular item or type of cost which, under the express provisions of an applicable law, regulation, or contract, is specifically named and stated to be unallowable."

FAR 42.709-1(a)(1) provides for a penalty "[i]f the indirect cost is expressly unallowable under a cost principle in the FAR, or an executive agency supplement to the FAR, that defines the allowability of specific selected costs . . . ."

Similarly, FAR 52.242-3(d) provides "[i]f the Contracting Officer determines that a cost submitted by the Contractor in its proposal is expressly unallowable under a cost principle in the FAR, or an executive agency supplement to the FAR, that defines the allowability of specific selected costs, the Contractor shall be assessed a penalty . . . ."

The government bears the burden of proving that costs are expressly unallowable and that a penalty assessment is warranted. *Raytheon*, 940 F.3d at 1311.

III.   Appellant is Not Entitled to Dismissal of any Counts in the Complaint

A. Count One

NGMS contends that, because the government has pled that the BACN legal costs are expressly unallowable under FAR 31.205-15 and 31.205-47, the DACO had to first determine under FAR 31.204(d) whether the costs could be apportioned between those two cost principles. If the costs could not be apportioned, NGMS contends that the DACO had to determine which cost principle applied. NGMS contends that count one fails to state a claim because DCMA has not pled that it complied with this requirement. (App. mot. at 6-8)

FAR 31.205-1 to 31.205-52 contain cost principles governing a variety of costs. With respect to those at issue in this appeal, FAR 31.205-15 is entitled "FINES, PENALTIES, AND MISCHARGING COSTS," while FAR 31.205-47 is "COSTS RELATED TO LEGAL AND OTHER PROCEEDINGS." FAR 31.204(d) provides guidance when two subsections in 31.205 may be applicable to a cost. FAR 31.204(d) provides in relevant part:

> When more than one subsection in 31.205 is relevant to a contractor cost, the cost shall be apportioned among the applicable subsections, and the determination of

6

allowability of each portion shall be based on the guidance contained in the applicable subsection. When a cost, to which more than one subsection in 31.205 is relevant, cannot be apportioned, the determination of allowability shall be based on the guidance contained in the subsection that most specifically deals with, or best captures the essential nature of, the cost at issue.

Despite NGMS's contentions, FAR 31.204(d) does not mention any responsibilities on the part of the contracting officer (CO) to apportion costs. *See Rumsfeld v. General Dynamics Corp.*, 365 F.3d 1380, 1386-87 (Fed. Cir. 2004) (holding that legal costs need not be apportioned for claims with different outcomes). FAR Subpart 31.2, in general, places the responsibility for proper accounting and treatment of costs on the contractor. FAR 31.201-2, DETERMINING ALLOWABILITY, provides:

(d) A contractor is responsible for accounting for costs appropriately and for maintaining records, including supporting documentation, adequate to demonstrate that costs claimed have been incurred, are allocable to the contract, and comply with applicable cost principles in this subpart and agency supplements.

Similarly, FAR 31.201-6(a), ACCOUNTING FOR UNALLOWABLE COSTS, provides: "[c]osts that are expressly unallowable or mutually agreed to be unallowable, including mutually agreed to be unallowable directly associated costs, shall be identified and excluded from any billing, claim, or proposal . . . ."

Even if the Board assumes that FAR 31.204(d) could place some responsibility on the CO before issuing a final decision, the guidance in this subsection would appear to be most relevant when a cost is covered by two subsections in 31.205 that lead to different results with respect to allowability. Otherwise, it would seem nonsensical to require a CO to apportion a cost (or decide it cannot be apportioned) when all subsections result in the cost being unallowable. Determining allowability is the end goal in FAR 31.204(d). In this appeal, the government has pled that NGMS informed the government that the BACN legal costs were unallowable and that the parties further agreed, in the civil and criminal settlement, that the BACN legal costs are unallowable, all of which occurred long before the DACO issued the final decision (*see* compl. ¶¶ 56-59, 78-79, 82). If this is correct, then FAR 31.204(d) would not be applicable to this appeal because the costs had already been agreed upon as unallowable.

7

The Board holds that DCMA has stated a claim upon which relief can be granted in count one. DCMA has alleged a cause of action that faithfully follows the DACO's determination that NGMS included costs that are expressly unallowable under FAR 31.205-15, in its indirect cost proposals and that a penalty is warranted. *See Raytheon*, 940 F.3d at 1311. NGMS does not challenge this basic premise but instead argues that DCMA's interjection of an additional subsection, FAR 31.205-47, into this appeal in litigation in count two jeopardizes the government's main theory. Whatever the merits of count two may be, the Board sees no reason why the assertion of an alternate theory in that count could be so spectacularly wrong that it not only fails on its own, but also brings down the government's principal theory.

B. Count Two

In count two, DCMA pleads that the BACN legal costs are expressly unallowable under FAR 31.205-47 (compl. ¶¶ 126, 141). NGMS observes that while the DACO stated in his final decision that the BACN legal costs are unallowable under FAR 31.205-47, he never stated that they were expressly unallowable, making this a new claim. NGMS contends, in essence, that for want of an adverb we are without jurisdiction (app. mot. at 3-4).

It is clear that the DACO's principal focus, and his principal conclusion, was that the BACN legal costs are expressly unallowable under FAR 31.205-15. He states this on page one of the decision. On page two he itemizes the expressly unallowable amount for each year (citing this subsection each time) and then repeats his conclusion that they are expressly unallowable under this subsection at the bottom of page two, and again on page three. Only after all of this does he state that "the BACN legal costs are also unallowable pursuant to FAR 31.205-47 . . . ." (R4, tab 11 at G-000347-49).

It is not clear why the DACO included this statement in the final decision. Thus, it is not clear if he inadvertently omitted the word "expressly" or if he cited this subsection for some other reason.

The underlying operative facts would largely be the same regardless of which subsection in FAR 31.205 that the government pursues, namely, the mischarging by NGMS employees on the BACN contract and the subsequent investigation, appellant's retention of legal counsel who billed more than $15 million, the inclusion of more than $10 million of those legal fees in interim billings, appellant's 2018 statement that it would treat the BACN legal costs as 100% unallowable, the settlement with the United States Attorney, and the penalty sought by DCMA. NGMS contends, however, that a cause of action under FAR 31.205-47 would involve at least some additional facts because FAR 31.205-47(g) requires the contractor to segregate its legal costs and account for those related to the proceeding separately and to enter into an agreement with the CO for conditional payment of those fees (app. reply at 5-6). However, where

neither party contends that there was an agreement for conditional billing of legal costs while the investigation remained pending, NGMS's contentions are of dubious relevance. Given the identity, or near identity, of facts under either subsection, the Board does not believe that DCMA is attempting to pursue a "materially different factual . . . theory." *K-Con Bldg. Sys.*, 778 F.3d at 1006.

As for the legal theory, if we treat the contention that the BACN legal costs are expressly unallowable under FAR 31.205-47 as not raised by the DACO, the question is whether reliance on a separate but arguably related subsection within FAR 31.205 in litigation is permitted as a "slightly different" legal theory under *Scott Timber*, 333 F.3d at 1366.

The Federal Circuit held in the *Scott Timber* decision that the CDA "does not require rigid adherence to the exact language or structure of the original administrative CDA claim." *Id*. at 1365. In its claim, the plaintiff in that case challenged the authority of the Forest Service to suspend its contracts and the reasonableness and duration of those suspensions. *Id*. At the Court of Federal Claims, it moved beyond this, adding: 1) contentions that a particular contract clause contained a warranty; 2) objections to the agency's preparation and administration of the contract; and 3) claims for reimbursement provided under contract terms. *Id*. The Federal Circuit held that this was permissible because the claim had put the CO on notice of a purported breach of contract based on prolonged and unauthorized suspensions and because the claims pursued in court were based on the same operative facts and continued to seek consequential damages for an alleged breach of contract. *Id*. at 1365-66.

*Scott Timber* provides support for the proposition that a claimant may to a certain extent venture beyond the theories submitted in its claim. DCMA has made a non-frivolous argument that it did so here when it relied upon another subsection in FAR 31.205 that overlaps at least somewhat with the subsection that the DACO relied upon. Nevertheless, the Board will not decide this issue now because we cannot tell if there is a realistic scenario where DCMA could lose on the merits of count one but still prevail on count two. Thus, the Board may never need to reach count two. Pursuant to Board Rule 7(a), the Board will defer ruling on NGMS's motion to dismiss count two for lack of jurisdiction. The Board will rule on its jurisdiction over count two only if necessary.

NGMS also moves to dismiss count two for failure to state a claim based on the same contentions it raised for count one. We need not reach this until we have determined our jurisdiction.

C. Counts Three and Four

NGMS contends that the Board lacks jurisdiction to consider counts three and four of the complaint. Among other things, NGMS contends that the settlement agreement is not a CDA contract and is not a contract to which DCMA is a party (app. mot. at 5). As NGMS also observes, the DACO did not assert in his final decision any claim for the breach of the settlement or that NGMS owes a penalty based on the terms of the agreement (*id.*).

In determining our jurisdiction, the Board must look to the true nature of the action. *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005). In this appeal, DCMA has filed a complaint that goes beyond the "simple, concise, and direct statements of each of its claims" required by Board Rule 6(a). Despite the lengthy recitations, the complaint boils down to DCMA's contention that it is due a penalty under FAR 31.205-15 for the expressly unallowable BACN legal costs, with an alternate theory based on FAR 31.205-47.

Although styled as separate counts, DCMA's release and waiver theories are not stand-alone legal theories. DCMA does not allege that the settlement agreement provides a separate or independent source (outside FAR 31.205) for a penalty. Rather, both counts three and four cite DCMA's principal theory, FAR 31.205-15 (compl. ¶¶ 150, 153, 171, 174). Read in context, counts three and four are not so much causes of action as they are arguments as to why DCMA is entitled to prevail on count one. Specifically, DCMA contends that it is entitled to prevail because Northrop Grumman signed a settlement agreement that states: "NGSC agrees that the United States, at a minimum, shall be entitled to recoup from NGSC any overpayment plus applicable interest and penalties . . ." (*id.* ¶¶ 148, 169). The applicable penalty, DCMA alleges, stems from FAR 31.205-15, as stated in count one of the complaint (*see id.* ¶¶ 150, 153, 171, 174). Thus, counts three and four are simply DCMA's attempt to show that NGMS lacks a defense to count one. DCMA is entitled to raise this argument. To determine the merits of an appeal, the Board on occasion must interpret agreements stemming from litigation in another forum. *See Supreme Foodservice GmbH*, ASBCA Nos. 57884 et al., 16-1 BCA ¶ 36,387 at 177,393-94.

NGMS also contends that counts three and four fail to state a claim. It contends that the settlement does not reference penalties for expressly unallowable costs and that it references penalties only for overpayments. It also contends that "a government claim for any penalties is reserved from the parties' settlement." (App. mot. at 9)

The Board disagrees. The settlement agreement defines unallowable costs, among other things, as those "incurred by or on behalf of NGSC . . . in connection with . . . NGSC's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection

10

with the matters covered by this Agreement (<u>including attorney's fees</u>) . . .￼"  (R4, tab 9 at G-000303).  Thus, the Board concludes that DCMA has pled that attorney fees incurred as a result of the BACN investigation are unallowable.  The settlement agreement further obligates Northrop Grumman to "repay . . . any Unallowable Costs included in payments previously sought by NGSC or any of its subsidiaries or affiliates . . ." (*id*. at G-000304).  The agreement then provides that "NGSC agrees that the United States, at a minimum, shall be entitled to recoup from NGSC any overpayment plus applicable interest and <u>penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment</u>" (*id*.) (emphasis added).  DCMA has pled that the settlement agreement defined BACN attorney fees as unallowable costs, characterized payments of these costs as overpayments, and granted DCMA entitlement to applicable penalties, and that the applicable penalty comes from FAR 31.205-15 (*see* compl. ¶¶ 150, 153, 157-160, 171, 174, 178-81).  Nothing more is required at the pleading stage.

CONCLUSION

Appellant's motion to dismiss is denied, with the exception of its motion to dismiss count two, for which the Board defers ruling.

Dated:  June 21, 2021

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62596, Appeal of Northrop Grumman Mission Systems, rendered in conformance with the Board's Charter.

Dated:  June 22, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals